In The Matter of the Worker's Compensation Claim of Francis IRELAND, Appellant (Petitioner Employee/Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent Objector/Defendant).

No. 98–206.

Supreme Court of Wyoming.

March 2, 2000.

Representing Appellant: Robert A. Nicholas, Nicholas Law Office, LLC, Riverton, Wyoming.

Representing Appellee: Gay Woodhouse, Chief Deputy Attorney General; John Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Robert L. Lanter, Senior Assistant Attorney General. Argument by Mr. Lanter.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

Francis Ireland appeals from the district court's order affirming the hearing examiner's denial of worker's compensation loss of earnings benefits. In 1997, after Ireland's third surgery for his work-related shoulder injury, Ireland's surgeon filed a report with the Wyoming Workers' Compensation Division (Division). The report requested a physical capacity evaluation to determine his physical ability to perform different types of jobs and assist in retraining. The Division apparently treated that letter as an application for loss of earnings benefits pursuant to Wyo. Stat. Ann. § 27–12–403 (1983).

The Division's Final Determination Letter stated that Ireland was entitled to loss of earnings benefits and offered $855.37 for his loss of earnings. Ireland declined the offer because it did not explain what the award was for, the period of time it covered, and did not reflect his lost wages due to the injury. After a contested case hearing, the hearing examiner issued an order denying any benefits and finding that Ireland did not prove he had any loss of earnings related to his work injury.

Ireland contends the hearing examiner exceeded his authority when he considered an issue not before him and entered an order pertaining to that issue. In Ireland's view, the Division had already determined Ireland was entitled to loss of earnings benefits and the only issue before the hearing examiner was the amount of loss due to his injury. We agree that the Office of Administrative Hearings (OAH) may rule only on issues before it. Therefore, we reverse and remand for a hearing on the sole issue in this case, the amount of the loss of earnings incurred by Ireland because of his work related injury.

## ISSUES

Ireland presents these issues:

1. Did the hearing examiner err as a matter of law in denying loss of earnings benefits to Appellant?

2. The Wyoming Workers' Compensation Division conceded at hearing that Mr. Ireland had a loss of earnings as a result of his work related injury. The evidence and arguments presented at hearing only addressed the amount of the loss of earnings award. Does the hearing examiner have the authority to deny all loss of earnings benefits when the only issue is how much the award should be?

3. The findings in the hearing examiner's order contain several critical errors, which are contrary to any facts presented at trial, and which the hearing examiner relied on in making his determination. Is it arbitrary and an abuse of discretion to misstate critical facts in the order and rely on those misstated facts in denying benefits?

4. Did the hearing examiner abuse his discretion in failing to address the criteria for establishing a loss of earnings award as set out in the *White* case and did such failure result in an arbitrary decision?

The Division submits these issues:

1. Was the order denying loss of earnings benefits supported by substantial evidence?

2. Was the order denying loss of earnings benefits arbitrary, capricious or an abuse of discretion?

3. Was the order denying loss of earnings benefits in accordance with Wyoming law?

## FACTS

Ireland suffered a work-related injury to his left shoulder on February 23, 1987. His injury was surgically treated in 1987 and 1992. On May 16, 1996, he underwent a third surgery followed by a vigorous physical therapy program. Ireland's surgeon, Dr. Kenneth Butters, followed his progress closely and determined there was some permanent medical impairment relative to loss of motion and strength. Dr. Butters' November 22, 1996, report to the Division stated that Ireland "is unable to return to his previous job as an oil well worker or as a water pump installer, but could go back and do auto parts work, if that job was available." Dr. Butters recommended a PCE (physical capacity evaluation) with an AMA rating to assist in any retraining activities.

Apparently in response to Dr. Butters' letter, the Division asked Dr. Anne MacGuire to determine if Ireland had an ascertainable loss to his left shoulder from his work-related injury; to determine his impairment rating, if any, for that injury; and to determine if he could return to his previous occupation. Dr. MacGuire released Ireland for work, stating he should not lift any object weighing over 50 pounds on a regular basis but may safely push, shove, carry, and handle objects weighing up to 35 pounds frequently. She placed no other restrictions on his work, but advised that he should not return to his previous job of oil field mechanic because of the heavy labor involved.

On February 28, 1997, Ireland completed the Division's application for vocational impairment benefits. Among other things, the application requested information concerning his job and salary history. On March 28, 1997, the Division referred Ireland to CRA Managed Care, Inc. for a vocational evaluation and loss of earnings determination. After reviewing this information, the Division issued its Final Determination Letter, awarding Ireland $855.37 for loss of earnings.

Ireland objected to the final determination and did not accept the award. The Division referred the case to the Office of Administrative Hearings. After the hearing, the OAH issued an order denying benefits, and Ireland filed a petition for review with the district court. After the district court affirmed the OAH order, Ireland filed his notice of appeal with this Court.

## STANDARD OF REVIEW

Our review of administrative action is limited to a determination of the matters specified in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999):

> To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> * * *
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> > (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
> >
> > * * *
> >
> > (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

## DISCUSSION

Ireland contends the hearing examiner exceeded his authority when he concluded that Ireland did not meet "his burden of proof to show that he has sustained a loss of earning capacity due to the work related injury." The Division's final determination letter provided:

The Division has determined that you are eligible for a loss of earnings award pursuant to Wyoming Statute 27–14–405(b)(xvi). The offer is based on the hourly wage at the time of injury, the average projected wage from the vocational evaluation, the age at the time of injury, the level of education and the future plans for employment. The previous award of permanent partial impairment is also considered to determine this offer.

**You are eligible for a loss of earnings award in the amount of $855.37 for your left shoulder.**

In response to the final determination letter, Ireland sent this objection:

In response to your letter—I cannot accept this offer as it does not explain what it is for or for what period of time it covers and does not reflect the true lost wages I have suffered because of this injury.

I request a timely hearing on this matter and if possible an attorney assigned that can look after my rights and benefits.

The Division turned the case over to the OAH and the order setting the hearing provided that "[t]he issues to be heard and the matter asserted are contained in the objections and reasons therefore, filed with the Division...." In its disclosure statement the Division's contentions included: "Employee/Claimant is entitled to a vocational/loss of earnings award in the amount of $855.37 for this pre-July 1994 injury." Finally, in his closing argument before the OAH, the Division's attorney said:

He is released to return to auto parts sales work by his doctor. He is certainly advised against returning to a pump service work for legitimate reasons. We are not arguing there is no impairment of the earning capacity here. What we are suggesting is that he has been restricted to light duty. He should be restricted to light duty which is similar to the auto parts sales positions he has held.

Based on these facts, we must consider whether the hearing examiner exceeded his authority when he considered causation as an issue in the contested case hearing. Wyo. Stat. Ann. § 27–12–602 (1983) provides:

(b) All written reports, claims and other writings filed with clerk of court by the parties shall be considered as pleadings in a claim whether or not formally introduced into the court in a contested proceeding.

 The final determination letter, Ireland's objection as to the amount, and the Division's disclosure statement constituted pleadings in this case. Pleadings are used to give parties notice of the nature of claims and defenses, to narrow the issues, and to guide the parties and the court in the conduct of the case. Gene R. Shreve & Peter Raven–Hansen, Understanding Civil Procedure, § 44, at 171 (1993). If the pleadings and notice of hearing are to mean anything in a contested case hearing, the hearing examiner must be limited to considering only those issues presented in the notice and pleadings.

Additionally, Wyo. Stat. Ann. § 16–3–107 (LEXIS 1999) delineates the procedure for contested cases and provides in pertinent part:

(a) In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice served personally or by mail....

(b) The notice shall include a statement of:

(i) The time, place and nature of the hearing;

(ii) The legal authority and jurisdiction under which the hearing is to be held;

(iii) The particular sections of the statutes and rules involved;

(iv) A short and plain statement of the matters asserted.

\* \* \*

(r) Findings of fact shall be based exclusively on the evidence and matters officially noticed.

■ This case is distinguishable from *Sidwell v. State ex rel. Wyo. Workers' Comp. Div.*, 977 P.2d 60, 64 (Wyo.1999). In *Sidwell,* the worker argued that the hearing examiner was limited to deciding only whether his pre- and post-injury earnings were comparable because that was the basis for the denial of benefits in the final determination letter. *Id.* We determined that, because the notice of hearing disclosed that the issue to be decided was denial of the disability award and because Sidwell did not limit his presentation of evidence to the comparable wage issue, the hearing examiner was not limited to determining whether the pre-and post-injury wages were comparable. *Id.* In this case, Ireland had no notice that causation was at issue, causation was not argued by either party, and the Division's position throughout was that he was eligible for benefits for lost earnings due to his injury, but that the loss was minimal.

It is not surprising Ireland failed to meet his burden of proof that his loss of earning capacity was due to the work related injury because he believed the issue for the hearing was the amount of benefits, not causation. Considering the notice provided him by the final determination letter, the order setting the hearing and the Division's disclosure statement, he came to the hearing to present evidence of his loss of earnings capacity, not to present evidence concerning causation. As he understood the issues for the contested case hearing, Ireland believed his testimony would be sufficient. He testified about his job and wage at the time of his injury, his jobs and wages since the injury, and his efforts to secure employment at the highest wage possible. Certainly, if he had known causation was an issue for the hearing, he would have presented medical evidence of causation. As it was, he reasonably assumed the letter from Dr. Butters stating that he could not return to his previous employment because of his injury sufficed, because the Division had determined he was eligible for loss of earnings benefits.

### CONCLUSION

The hearing examiner's decision that Ireland did not meet his burden of proof was contrary to law because he improperly considered causation when determining Ireland was not eligible for any loss of earnings benefits. Therefore, we reverse and remand for another hearing on the proper amount of Ireland's loss of earnings award.