19 P.3d 500 (2001)
2001 WY 17
In the Matter of the Worker's Compensation Claim of Markus WESAW, Appellant (Employee/Claimant),
v.
QUALITY MAINTENANCE, Appellee (Employer/Respondent), and
State of Wyoming ex rel. Division of Workers' Safety and Compensation, Appellee (Respondent).
No. 00-7.
Supreme Court of Wyoming.
February 20, 2001.
*501 Representing Appellant: Steven R. Helling, Casper, WY.
*502 Representing Appellee Quality Maintenance: Keith M. Gingery of Western Law Associates, Lander, WY.
Representing Appellee State of Wyoming ex rel. Division of Workers' Safety and Compensation: Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General.
Before LEHMAN, C.J., and THOMAS,[*] GOLDEN, HILL, and KITE, JJ.
GOLDEN, Justice.
[¶ 1] Appellant Markus Wesaw was denied worker compensation benefits after the hearing examiner found that he had filed an untimely written report of injury. The district court certified his petition for review to this Court pursuant to W.R.A.P. 12.09. We hold that the hearing examiner did not properly apply applicable law to determine the date of compensable injury and remand for hearing.

ISSUES
[¶ 2] Wesaw presents these issues for our review:
Was it reversible error for the hearing examiner to dismiss Appellant's claims for worker's compensation benefits?
Under the facts of this case, this issue includes the following sub-issues:
Was Appellees' contention that Appellant failed to file a timely injury report properly raised? Should this even have been an issue in the case?
If the issue of late filing of the injury report was properly raised by Appellees (which is denied by Appellant), was there a late filing of Appellant's injury report?
If the issue of late filing of the injury report was properly raised by Appellees and if there was a late filing (both of which are denied by Appellant), was it excused?
If the issue of late filing of the injury report was properly raised by Appellees, if there was a late filing of the injury report and if such late filing was not excused (all of which are denied by Appellant), was the presumption of denial, created by the late filing, overcome by clear and convincing evidence of a lack of prejudice to Appellees in investigating the injury and in monitoring medical treatment?
Appellee Division rephrases the issues as:
I. Was the order granting judgment as a matter of law supported by substantial evidence, within the Hearing Examiner's discretion, and in accordance with law?
A. Did the Employee receive adequate notice of the issues addressed at the hearing?
B. Was the Employee's injury report untimely?
C. Did the Employee fail to rebut the presumption of denial?
D. Was the decision not to apply equitable estoppel proper?
II. If the Court reverses, should it remand for an automatic award of benefits?
Appellee Quality Maintenance presents these issues:
Whether the Hearing Examiner's Denial of Benefits, based upon the Employee/Claimant failure to timely file his injury report within the ten day statutory period as prescribed by W.S. § 27-14-502(c), was supported by substantial evidence and in accordance with the law?
A. Was the Employee/Claimant afforded due process of the law and was he on notice that the issue of late filing was an issue?
B. Did the Employee/Claimant fail to timely file his injury report within the 10 day period prescribed by W.S. § 27-14-502(c)?
C. Did the Employee/ Claimant fail to rebut the presumption of prejudice to the employer or division by clear and convincing evidence?
D. Did the Employee/Claimant fail to show substantial evidence supporting equitable estoppel? *503 E. If the Court should reverse, should the Court remand to allow a hearing in order for the Employer and Division to present their evidence, rather than remand for an automatic award of benefits?

FACTS
[¶ 3] Wesaw was exposed to sulfuric acid on October 15, 1998. His supervisor, Nels Carlson, entered the room soon after and was told of the incident. Carlson told Wesaw that he would report the incident to workers' compensation but reassured him that no permanent injury was likely because "you can take a bath in it." Wesaw's throat felt sore later that night, but he went to work the next day. At that time, his supervisors announced to employees that a large sulfuric acid leak had occurred the previous day, necessitating repairs that would not allow work. Wesaw was sent home, and he rested that day and over the weekend. Wesaw's wife was concerned about his illness, but Wesaw repeated his supervisor's statement that you could bathe in the substances and not be hurt. Both Wesaw and his wife testified that Wesaw was convinced that his illness was due to his asthma condition, and he took those medications that weekend. Although he felt ill, he returned to work on Monday and Tuesday. He became too ill to work on Tuesday, was driven home by his employer, and sought medical treatment. The next day, October 22, 1998, he was diagnosed with "dysphagia, which is pain with swallowing, and inhalation injury."
[¶ 4] He filed an injury report on November 3, 1998, by telephone. On November 5, 1998, the Division issued an "Initial Review: Notice of Lack of Information" letter requesting an explanation by December 3, 1998, why his injury report had not been submitted within the ten-day limit required by Wyo.Stat.Ann. § 27-14-502(a). Wesaw wrote back on November 20, 1998, that he reported the accident as soon as he knew that he would have to be treated and could no longer work. The Division apparently accepted this explanation because it was not the basis for denial when it issued a "Final Determination" letter dated December 8, 1998, denying benefits stating that the "incident" did not meet the definition of an injury under Wyo.Stat.Ann. § 27-14-102(a)(xi); his condition was preexisting; and the evidence did not show that he had suffered a work injury.
[¶ 5] Wesaw objected to the denial, and the matter was eventually set for hearing on August 5, 1999. The employer's disclosure statement, filed after the deadline set forth in the prehearing order, identified a timeliness issue for failure to file an injury report within ten days as required by Wyo.Stat.Ann. § 27-14-502(a). At the hearing, Wesaw objected to consideration of the issue, contending that he had not received proper notice. The record indicates that Wesaw believed the timely notice issue was limited to the time difference between October 22 and November 3, and he argued that W.R.C.P. 6 counted only work days. The opposing attorneys never stated that they were also contending that the date of injury was October 15, 1998. The Division's attorney asked the hearing examiner for a clarification whether late filing was an issue, and at that point, the hearing examiner allowed evidence on the issue but reserved ruling on whether notice had been proper. Wesaw proceeded to present evidence limited to establishing that he had suffered a compensable, work-related injury following a chemical exposure incident. He testified that he immediately notified his employer of the incident, but kept working and was diagnosed with an inhalation injury on October 22, 1998. He then rested his case.
[¶ 6] At the close of Wesaw's case, the opposing attorneys both moved for judgment at that time, claiming that Wesaw's testimony indicated that he was aware he had been injured on October 15, 1998, and therefore, had not timely filed nor had he presented any evidence rebutting the statutory presumption of prejudice. Wesaw's attorney argued that due process and Wyo.Stat.Ann. § 16-3-107 required specific notice that both of these issues would be raised at the hearing, and these requirements had not been complied with before the hearing.
[¶ 7] The hearing examiner determined that Wesaw was aware that he had been injured on October 15, 1998, and was statutorily *504 required to file an injury report within ten days of that date. The order found that his failure to timely file the report raised a rebuttable presumption that his claim should be denied, and he did not meet his burden of rebutting the presumption by clear and convincing evidence that no prejudice resulted when the accident could not be investigated and medical treatment monitored. Benefits were denied, and this appeal followed.

DISCUSSION

Standard of Review
[¶ 8] When the district court certifies directly to this Court an administrative agency's decision, we review that agency decision "under the same appellate standards applicable to the reviewing court of the first instance." In re Bessemer Mt., 856 P.2d 450, 453 (Wyo.1993). Our judicial review is limited to those considerations specified in Wyo. Stat.Ann. § 16-3-114 which provides:
To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
* * *
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
* * *
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
Wyo.Stat.Ann. § 16-3-114 (LEXIS 1999).
The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Tenorio v. State ex rel. Wyoming Workers' Compensation Div., 931 P.2d 234, 237 (Wyo.1997); Claim of Nielsen, 806 P.2d 297, 299 (Wyo.1991). Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. Matter of Corman, 909 P.2d 966, 970 (Wyo.1996); Aanenson v. State ex rel. Wyoming Workers'[Worker's] Comp. Div., 842 P.2d 1077, 1079 (Wyo.1992). We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. Matter of Gneiting, 897 P.2d 1306, 1308 (Wyo.1995); City of Casper v. Haines, 886 P.2d 585, 587 (Wyo.1994).
DeLauter v. State ex rel. Wyoming Workers' Compensation Div., 994 P.2d 934, 936 (Wyo.2000).
[¶ 9] In reviewing findings of fact we examine the entire record to determine if there is substantial evidence to support an agency's findings. Weidner v. Life Care Centers of America, 893 P.2d 706, 710 (Wyo.1995). If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Id. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence. Id.

Date of Compensable Injury
[¶ 10] Although the parties devote most of their arguments to the untimeliness issue, we will first address the law applicable to determining the date of a compensable injury. Since 1936, this Court has held that the notice and claim requirements of the workers' compensation statutes do not begin to run until the employee becomes aware that an accident has caused an injury, and that the term "injury" as used in the compensation statutes means compensable injury. Baldwin v. Scullion, 50 Wyo. 508, 530-31, 62 P.2d 531, 539 (1936). Under previous versions of the filing statutes and statute of limitations, we have consistently applied the concept of a "compensable injury" to determine *505 timeliness of notice and claims. Big Horn Coal Co. v. Wartensleben, 502 P.2d 187, 188 (Wyo.1972) (interpreting the previous version of Wyo.Stat.Ann. § 27-14-502); Aanenson v. State ex rel. Wyo. Worker's Comp. Div., 842 P.2d 1077, 1082-83 (Wyo.1992) (applying "compensable injury" concept to statute of limitations, Wyo.Stat.Ann. § 27-12-503). The burden to show the actual time of the compensable injury, its cause, and its relation to his employment at the time of injury is placed on the employee. Bemis v. Texaco, Inc., 401 P.2d 708, 709 (Wyo.1965).
[¶ 11] "[W]hen determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment?" Aanenson, 842 P.2d at 1082. This question necessarily requires a careful evaluation of all facts to determine when an employee reasonably understood the nature and seriousness of his condition and that it was work-related. Our previous decisions have never burdened an employee with filing claims for incidents or trivial injuries to avoid timeliness issues. Big Horn Coal Co., 502 P.2d at 188 (citing Potter v. Midland Cooperatives, Inc., 248 Minn. 380, 80 N.W.2d 59, 61 (1956)). However, the employee may not ignore these requirements for compensable injuries because notice requirements and the statute of limitations exist to allow employers to investigate claims, monitor medical care, and avoid stale claims. Sherwin-Williams Co. v. Borchert, 994 P.2d 959, 964 (Wyo.2000). The finder of fact is charged with determining the time and cause of a compensable injury; however, whether an employee's claim is to be barred for failure to timely file notice or a claim is a mixed question of fact and law. Aanenson, 842 P.2d at 1080.
[¶ 12] The hearing examiner did not make any basic findings of fact, concluding only that "[t]he date the general nature of the injury became apparent to the Employee/Claimant was October 15, 1998." We review this legal conclusion de novo, but, preliminarily, we will address Wesaw's contention that the 1996 amendments to Wyo. Stat.Ann. § 27-14-502 are significant to determining the date an employee becomes aware he has suffered a compensable injury. The amendments are highlighted below, and the statute now states, in pertinent part:
§ 27-14-502. Employee's injury report to employer and division; presumption raised by failure to file report; release of information.
(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall, in writing or by other means approved by the department, report the occurrence and general nature of the accident or injury to the employer. In addition, the injured employee shall within ten (10) days after the injury became apparent, file an injury report with the employer and the division in a manner and containing information prescribed by division rule and regulation. If the injured employee is physically unable to comply, a personal representative of the employee, his dependents or a personal representative of the dependents in case of death shall, following notification by the employer or department of reporting requirements, make and file the report for the injured employee.
(b) If an injured employee, any dependent or personal representative makes a written report of the injury to the employer or his representative, the employer shall acknowledge receipt of the report in writing either upon the report or a copy of the report.
(c) Failure of the injured employee, any dependent or personal representative to report the accident or injury to the employer and to file the injury report in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the injury and in monitoring medical treatment.
Wyo.Stat.Ann. § 27-14-502 (LEXIS 1999); 1996 Wyo. Sess. Laws, Ch. 82, Sec. 1.
*506 [¶ 13] As Wesaw points out, primarily these amendments have substituted the term "injury" for "accident" and, in his view, do not require a report until an injury has been correctly diagnosed by a doctor. Plainly, the statutory amendments do not state that. Our rules of statutory interpretation are well-established:
We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute, we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia. If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.
In Re Claim of Prasad, 11 P.3d 344, 347 (Wyo.2000) (citing Wyo. Dept. of Transportation v. Haglund, 982 P.2d 699, 701 (Wyo.1999)).
[¶ 14] The statute at issue here is subject to only one interpretation and is not ambiguous. Furthermore, the statutory language "after the general nature of the injury became apparent" remains unchanged, and these amendments do not replace our previous decisions applying the statute's requirements from the date a compensable injury is discovered. We do find, however, that the plain language of subsection (c) indicates that the statutory presumption does not arise unless an employee failed to report within 72 hours and failed to file an injury report within ten days. Here, the employer raised only the issue whether Wesaw reported within ten days. Unmistakably, this contention is insufficient to raise the statutory presumption of claim denial. Although this determination is sufficient to require reversal and remand for a hearing on the merits, the Division's position that it would have presented evidence that no report to the employer was made at all causes us to presume that both timeliness contentions will be made and the statutory presumption of denial will again arise. We must, therefore, apply the rules of law previously discussed to determine the date of compensable injury.
[¶ 15] At the close of Wesaw's case, the hearing examiner requested argument from the Division and employer about when the injury became apparent. Both argued that Wesaw, by testifying that liquid splashed on his face and caused a burning sensation, coughing, and a red face, had testified that the injury was apparent to him on October 15, 1998. Wesaw, however, was not claiming to have been burned. Wesaw seeks compensation for an inhalation injury. The only symptom that he experienced indicating an inhalation injury on October 15, 1998, was a sore throat which he did not believe was serious. As more symptoms appeared, Wesaw attributed his worsening illness to a recurrence of asthma; he self-medicated and continued to work, reassuring his wife that the exposure incident was not to blame because his supervisor had told him the chemicals were harmless. This testimony establishes that not only was he unaware of both the seriousness and the nature of his injury, but also he did not believe it was work-related. Arguably he was not acting reasonably in determining his illness was not caused by the chemical exposure; however, that is not dispositive of the issue. When he became too ill to work, he sought medical care and described the exposure incident to a doctor. The attending doctor testified that based on his history she diagnosed an inhalation injury. Because an inhalation injury can only be confirmed by further testing, Wesaw was referred to a pulmonary specialist. Following tests in January of 1999 the specialist diagnosed a lung injury apart from asthma most likely caused by chemical exposure on October 15, 1998. These facts show that, although Wesaw may have recognized the causal relationship on October 21, 1998, when he first sought medical care, he did not understand the nature and seriousness of his injury until he received the doctor's diagnosis on October 22, 1998. Because its rules count only workdays, the Division concedes that if the date of injury is October 22, 1998, his *507 November 3, 1998, injury report was filed within the ten-day requirement of Wyo.Stat. Ann. § 27-14-502(a) and complied with the statute.
[¶ 16] The Division contends that the hearing examiner's decision is supported by Beitel v. State ex rel. Wyoming Workers' Comp. Div., 991 P.2d 1242 (Wyo.1999). Beitel reported an injury to the workers' compensation division on March 18, 1997, although he had begun receiving chiropractic treatment for his pain in January of 1997, and told his doctors his pain was caused by a work-related injury suffered on October 9, 1996. The hearing examiner determined that the injury was apparent to Beitel no later than when he began receiving treatment and his failure to report until March was untimely. Id. at 1246. Beitel is not inconsistent with this decision or previous decisions that identified the date of injury by the date reported to a physician when the employee was unaware of the nature or seriousness of his injury. Big Horn, 502 P.2d at 188; Curnow v. State ex rel. Wyo. Workers' Comp. Div., 899 P.2d 875, 878 (Wyo.1995). Wesaw's case does not appear to be different from Big Horn, Curnow, or Beitel.
[¶ 17] Knowledge of the "full extent and nature of the injury" must be distinguished from an "incident" or an "accident" before the notice and claim requirements of Wyo. Stat.Ann. §§ 27-14-502 and 503 are triggered. We find that the testimony thus far indicates that the general nature of Wesaw's injury was apparent on the date of his diagnosis, October 22, 1998, and he had not suffered a compensable injury on October 15, 1998, which started the ten-day filing period.
[¶ 18] Although the evidence received thus far indicates that the correct date of compensable injury was October 22, 1998, the opening arguments of the employer and Division indicate that each planned to present evidence that Wesaw was not exposed to sulfuric acid at all and never suffered an injury. The hearing examiner's decision at the close of Wesaw's case prevented presentation of further evidence. We will, therefore, remand for a hearing of all evidence to determine the existence and date of a compensable injury consistent with this opinion.

Timeliness Issues
[¶ 19] The Division has raised other timeliness issues in this appeal. In addressing those, we begin by holding that unless the Division or employer properly notifies the employee that it is raising a specific timeliness issue under either Wyo.Stat.Ann. §§ 27-14-502 or 503, these issues need not be considered at a hearing, and Wesaw's burden is limited to proving all essential elements of his claim, namely, that he suffered a compensable work-related injury. State ex rel. Wyoming Workers' Comp. Div. v. Espinoza, 924 P.2d 979, 981 (Wyo.1996); Wyo.Stat.Ann. § 27-14-102(a)(xi) (LEXIS 1999). Because the timeliness issues under Wyo.Stat.Ann. § 27-14-502 are many and will impose various burdens of proof depending on the precise issue, due process and Wyo.Stat.Ann. § 16-3-107 require specific notice. In this case, Wesaw was not given specific notice of any § 502 issues that would give rise to the statutory presumption that the claim be denied. We conclude this based upon a record showing that the Division did not raise any timely notice issues, the employer's notice in its disclosure statement briefly claimed that he had not complied with the ten-day filing requirement and was mailed after the deadline set in the prehearing order. Wesaw contends that this notice was not specific enough to satisfy due process or Wyo.Stat.Ann. § 16-3-107 and further contends that notice is proper only if given in the "Final Determination" letter.
[¶ 20] We have previously held that issues not given in the Division's "Final Determination" letter can be raised in pleadings such as disclosure statements. In Matter of Workers'Compensation Claim of Ireland v. State ex. rel. Wyo. Workers' Comp. Div., 998 P.2d 398, 401 (Wyo.2000). Ireland also ruled that "[p]leadings are used to give parties notice of the nature of claims and defenses, to narrow the issues, and to guide the parties and the court in the conduct of the case. If the pleadings and notice of hearing are to mean anything in a contested case hearing, the hearing examiner must be limited to considering only those issues presented in the notice and pleadings." Id. (citation omitted). Ireland, however, does not permit the hearing examiner to reserve ruling whether timeliness is at issue until the hearing.
*508 [¶ 21] If both the 72-hour employer notice and the ten-day reporting requirements of Wyo.Stat.Ann. § 27-14-502(a) are at issue, the employee may have the burden of rebutting a statutory presumption of denial by clear and convincing evidence that the Division and employer were not prejudiced. Due process and Wyo.Stat Ann. § 16-3-107 demand that an employee know before the hearing the specific nature of claims under Wyo.Stat.Ann. § 27-14-502(a). Ireland, 998 P.2d at 401; White v. Board of Trustees of Western Wyoming Community College District, 648 P.2d 528, 535 (1982), cert. denied, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983); Wyo.Stat.Ann. § 16-3-107(a)(iv) (LEXIS 1999). Without a timely prehearing ruling that these issues were properly raised, Wesaw properly limited his case to proving that he had suffered a compensable work-related injury. Upon remand, Wesaw must receive specific notice of all timeliness issues, and, if applicable, the notice must state the contended date of compensable injury and whether the employee has the burden of rebutting the statutory presumption in Wyo.Stat.Ann. § 27-14-502(c). A prehearing ruling that the issues have been properly raised is required or, in accordance with Ireland, the hearing examiner is not permitted to consider the issues.
[¶ 22] Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[*] concurred prior to retirement