2001 WY 51

In the Matter of the Worker's
Compensation Claim of
Rex C. JENSEN:

State of Wyoming ex rel. Wyoming
Workers' Safety and Compensation
Division, Appellant (Respondent),

v.

Rex C. Jensen, Appellee (Petitioner).

No. 00–78.

Supreme Court of Wyoming.

June 11, 2001.*

Rehearing Denied July 10, 2001.

---

* This case was originally assigned to Justice Thomas on September 22, 2000, for the rendering of a proffered majority opinion. The case was reassigned to Justice Kite on February 5, 2001.

Representing Appellant: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General.

Representing Appellee: William H. Twichell, Pinedale, WY.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

KITE, Justice.

[¶ 1]   Rex C. Jensen was denied worker's compensation benefits for a claim of injury he alleged resulted from manual labor performed at work.  Following a hearing, the hearing examiner found that Mr. Jensen failed to file a timely written report of injury in accordance with Wyo. Stat. Ann. § 27–14–502(a) (LEXIS 1999) and failed to demonstrate by clear and convincing evidence that a lack of prejudice had accrued to the Division of Workers' Safety and Compensation (the division) in monitoring medical care or investigating his claim pursuant to Wyo. Stat. Ann. § 27–14–502(c) (LEXIS 1999). The district court reversed and remanded the Order Denying Benefits, and the division appeals.  We affirm the district court's conclusion that a presumption of claim denial did not arise and its remand to the hearing examiner for a determination of compensability.

## ISSUES

[¶ 2]   The State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division presents the following issues for our review:

A Hearing Examiner found the Employee filed an untimely injury report and failed to overcome the presumption that his claim should be denied.

A.  Was the district court's decision improper?

B.  Was the Hearing Examiner's decision to grant judgment as a matter of law at the end of the Employee's case

supported by substantial evidence, within his discretion, and in accordance with law?

Mr. Jensen phrases the issues as follows:

A Hearing Examiner found the employee filed an untimely injury report and failed to overcome the presumption as to the Division that his claim should be denied.

The district court's decision overruled the Hearing Examiner's ruling.

1[.] Was the district court's decision improper?

2. Was the Hearing Examiner's grant of a Rule 52(c) motion for judgment as a matter of law procedurally proper?

3. Did the Hearing Examiner properly render findings of fact and conclusions of law in accordance with W.S. § 16–3–110?

4. What is the definition of injury under W.S. § 27–14–502?

5. Did the Hearing Examiner properly construe and apply W.S. § 27–14–502?

6. Was there substantial evidence to support the Hearing Examiner's decision that the employee did not timely report his injury by filing a report of injury in accordance with W.S. § 27–14–502 and/or was there overwhelming evidence supporting the employee['s] contention he did timely report his injury?

## FACTS

[¶ 3] Mr. Jensen alleges that, on or about February 26, 1998, he sustained a work-related lower back injury while lifting heavy wood trusses and 4' × 8' sheets of plywood. Mr. Jensen claims he made a timely oral report of his injury to his supervisor either that day or the following day pursuant to § 27–14–502(a). He did not work the next four days due to soreness in his back. At that point, he believed nothing more serious than muscle strain was to blame for his discomfort. He returned to work that Friday for a half day and then saw a doctor the following Monday, March 9, 1998. The doctor prescribed muscle relaxants and pain medication and told him to rest. The doctor informed Mr. Jensen that his back would "clear nicely." The doctor also testified that he sees a half dozen people every day for the kind of low back pain Mr. Jensen had experienced "and the vast majority of those folks are cleared up with one or, at most, two treatments."

[¶ 4] After not working the balance of the week to rest his back pursuant to doctor's orders, Mr. Jensen returned to work on March 16, 1998. He could no longer work beyond March 18, 1998, due to the pain in his back and revealed such information to his employer. He saw the doctor the following day, and at that time the doctor indicated to Mr. Jensen that he suspected at least a moderate herniated disk. Mr. Jensen claims it was on that day, March 19, 1998, that he first realized he might have a compensable injury. Prior to that date, he thought his back pain would dissipate like his other back strains had done in the past.

[¶ 5] On March 23, 1998, Mr. Jensen filled out a report, and he delivered it to his employer the next day and asked the supervisor "to fill out their part and send [the written report] in." The division received the report on April 6, 1998. On March 25, 1998, Mr. Jensen tried to go back to work and was told by his employer he needed to obtain a work release, which he did receive from his doctor. The doctor also gave him a steroid injection and told him it would help or, if it did not, he had a more serious problem. Mr. Jensen worked March 26 and 27, 1998, but by March 27 he could hardly stand up or walk. On March 30, 1998, he went back to the doctor who in turn sent him to have an MRI done. The MRI revealed that he had a severely herniated disk in his back.

[¶ 6] On April 1, 1998, Mr. Jensen applied for temporary total disability. He filed an amended report after he realized that he originally stated the date he had been injured was on March 5, 1998, rather than on or about February 26, 1998. He explained the discrepancy by noting that the later date marked his return to work and contemporaneous realization that he was dealing with something more severe than a simple sore back. The division issued a Final Determination denying benefits on the bases of an alleged failure to file a written report within

ten days after the injury became apparent and a failure to demonstrate the occurrence of a compensable injury.

[¶ 7] Mr. Jensen disputed the division's Final Determination at a contested case hearing before the Office of Administrative Hearings held on October 6, 1998. At the conclusion of Mr. Jensen's presentation of evidence, the division moved the hearing examiner to dismiss his claim pursuant to W.R.C.P. 52(c). The division argued Mr. Jensen failed to make a written report of his injury within ten days pursuant to § 27–14–502(a) and presented no evidence to rebut the presumption of prejudice to its capacity to investigate the injury and monitor medical care pursuant to § 27–14–502(c). The hearing examiner granted the division's motion and found that Mr. Jensen's claim was untimely and he failed to demonstrate a lack of prejudice had accrued to the division.

[¶ 8] Mr. Jensen petitioned the district court for a review of the hearing examiner's decision. He argued that he did not know of the serious nature of his injury until March 19, 1998, when his doctor first suggested he might have a herniated disk. The district court reversed the hearing examiner's determination finding that Mr. Jensen "did everything reasonable that was required of him under the circumstances" and to "deny him compensation is mean and cruel spirited, and in brutal departure from the entire purpose of the Worker's Compensation system." From that order, the division timely filed this appeal.

## STANDARD OF REVIEW

[¶ 9] This court accords no special deference to the district court's decision and will consider the case as if it came directly from the agency. *State ex rel. Wyoming Workers' Compensation Division v. Brewbaker*, 972 P.2d 962, 964 (Wyo.1999). Our review is limited to a determination of the factors specified in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999). The reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

. . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Section 16–3–114(c)(ii).

[¶ 10] The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are a question of law over which our review authority is plenary. *Wesaw v. Quality Maintenance*, 2001 WY 17, ¶ 8, 19 P.3d 500, ¶ 8 (Wyo.2001). We affirm an administrative agency's conclusions of law only if they are in accord with the law. *Id.* We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Id.* In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. *Wesaw*, ¶ 9. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. *Id.* Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Id.* It is more than a scintilla of evidence. *Id.*

## DISCUSSION

### A. Statutory Presumption of Claim Denial

[¶ 11] If the injured employee fails to report an injury, serious consequences can result. Section 27–14–502(c) provides:

(c) Failure of the injured employee, any dependent or personal representative to report the accident or injury to the employer and to file the injury report in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating

the injury and in monitoring medical treatment.

We note that the hearing examiner's decision was made prior to *Wesaw*, wherein we explained, "the plain language of subsection (c) indicates that the statutory presumption does not arise unless an employee failed to report within 72 hours **and** failed to file an injury report within ten days." *Wesaw*, ¶ 14. The division argues Mr. Jensen did not properly file an injury report pursuant to § 27–14–502(a) which required him to file a report with his employer and to additionally submit a report to the division. The division further argues that substantial evidence supports the hearing examiner's finding that Mr. Jensen failed to file within ten days pursuant to § 27–14–502(a). The hearing examiner stated in his oral ruling that the injury most likely became apparent to Mr. Jensen when he first saw a doctor on March 9, 1998. The hearing examiner acknowledged it was not until March 19, 1998, that the doctor informed Mr. Jensen he might be suffering from a herniated disk. However, whether or not Mr. Jensen properly complied with the ten-day filing requirement is not relevant because he sufficiently complied with the requirement to report to his employer within seventy-two hours pursuant to § 27–14–502(a). Therefore, a presumption of claim denial does not arise.

[¶ 12] The issue of whether Mr. Jensen properly satisfied the seventy-two-hour requirement did not seem to be in contention before the hearing examiner. The hearing examiner did not make a finding on this issue and disposed of the case on other grounds. Mr. Jensen testified that he notified his employer of a work-related back injury within seventy-two hours by making an oral report to his supervisor. In a letter to the division, the supervisor admitted that Mr. Jensen had notified him within the required time period and claimed Mr. Jensen stated that he had injured his back at home. The employer's suggestion that the injury occurred at home is only relevant to the issue of compensability and will be pertinent evidence upon remand. A report provided within seventy-two hours presents an employer with sufficient notice of a potential injury, whether or not it is specifically claimed to be work related. The uncon-troverted evidence reveals that Mr. Jensen timely complied with the requirement that he report the occurrence and general nature of his injury to his employer within seventy-two hours after the injury became apparent. Therefore, upon proper application of *Wesaw*, the statutory presumption of claim denial does not arise. The hearing examiner's ruling that Mr. Jensen did not meet his burden of proof was not in accordance with the law.

**B. W.R.C.P. 52(c)**

[¶ 13] The parties also raise the issue of the proper standard of review when W.R.C.P. 52(c) is utilized in a worker's compensation case. "[W]hether an employee's claim is to be barred for failure to timely file notice or a claim is a mixed question of fact and law." *Wesaw*, ¶ 11. The standard provides that, "when determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment?" *Aanenson v. State ex rel. Wyoming Worker's Compensation Division*, 842 P.2d 1077, 1082 (Wyo.1992); *see also Wesaw*, ¶ 11. The division argues the hearing examiner properly weighed the factual evidence without affording Mr. Jensen the benefit of any special inference. Mr. Jensen argues the standard of review required the hearing examiner to take his evidence as true and afford it all favorable and reasonable inferences. The factual issues presented in this appeal are not in dispute, but rather the parties disagree as to the proper application of the law to those facts. Therefore, the appropriate standard of review for factual issues is of no consequence as the application of law to the facts is determinative. Nevertheless, we will address the propriety of W.R.C.P. 52(c) in the instant case.

[¶ 14] We conclude W.R.C.P. 52(c) was an available tool for the hearing examiner to utilize. However, hearing examiners should bear in mind our suggestion set forth in *Rice v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 2001 WY 21, ¶ 18, 19 P.3d 508, ¶ 18 (Wyo.2001),

which explained that, when contested case hearings are conducted which take evidence on all issues, hearing examiners should make proper findings of fact and conclusions of law on all issues properly before them to best serve judicial economy and facilitate appellate review. It seems apparent that the hearing examiner in this case determined Mr. Jensen's failure to file a report of injury within ten days pursuant to § 27–14–502(a) and his subsequent failure to rebut the presumption of claim denial were dispositive of this case. However, the hearing examiner did not make a determination of whether Mr. Jensen carried his burden of proof that he suffered a compensable injury, which upon remand must be proved. Therefore, the hearing examiner's decision to grant the W.R.C.P. 52(c) motion on certain limited issues did not serve the interests of judicial economy.

[¶ 15] We affirm the district court's conclusion that a presumption of claim denial did not arise and its remand to the hearing examiner for a determination of compensability.