2002 WY 62

**Judy B. LOGUE, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 01–127.

Supreme Court of Wyoming.

April 16, 2002.

Gerald L. Laska, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1]   The Office of Administrative Hearings (OAH) awarded Judy B. Logue (the appellant) worker's compensation benefits for a neck injury, but denied benefits for a lower back injury.  Following a contested case hearing, the hearing examiner found that the appellant failed timely to report and file her claim for the alleged back injury.  This created a presumption that the benefits for the back injury would be denied unless the appellant could establish by clear and convincing evidence that neither her employer nor the Wyoming Workers' Safety and Compensation Division (the Division) was prejudiced by the late filing.  The appellant presented no evidence to rebut the presumption, and the hearing examiner denied benefits for the back injury.  We affirm.

## ISSUES

[¶ 2]   The appellant states the issue as:

Whether Appellant failed to timely report and file a report of her low back injury.

The Division, as appellee, phrases the issue as:

Did the Hearing Examiner correctly find that Appellant's reporting obligations arose when she knew, no later than January 2000, that her back injury was work-related and compensable?

## FACTS

[¶ 3]   The appellant worked as a meat cutter at a Safeway store in Casper.  In October 1999, the appellant suffered an injury to her neck while lifting a case of large frozen turkeys from a pallet.[1]  The appellant testified that prior to that date, she did not have any physical problems associated with her work at Safeway.[2]  The appellant believed

Donald L. Painter, Casper, WY, Representing Appellant.

Hoke MacMillan, Attorney General; John W. Renneisen, Deputy Attorney General;

---

1.  A case contained four turkeys, each weighing between ten and fifteen pounds.

2.  Safeway hired the appellant for the meat cutter position in 1991.

she had pulled a muscle in her neck and told her immediate supervisor about the incident after she finished unloading the pallet. She testified that she felt a pop in her neck and began experiencing pain in her neck shortly after the incident. Approximately two weeks later, the appellant tripped over a pallet. She testified she thought she had pulled a muscle in her back. She did not report this injury to her supervisor. The appellant further testified that after the second injury, her pain would come and go but never went completely away, and her leg often went to sleep.

[¶ 4]   In December of 1999, the pain worsened. The appellant testified that she knew sometime after Christmas 1999 that her neck and back symptoms had increased and the pain had not subsided. She had not, at that point, consulted with a doctor. On May 23, 2000, when she went for an annual checkup, the appellant told her family physician about the pain in her neck and back, and stated, "I can't stand the pain in my neck no longer." She further stated that her leg was constantly going numb, and that it felt like it was continually being stuck with needles. The doctor ordered x-rays and informed the appellant on May 24, 2000, that she had degenerative disks in her neck and back, and limited her to lifting no more than twenty-five pounds.

[¶ 5]   The appellant was referred to two additional doctors and was ultimately referred to a rehabilitative specialist, Dr. Hemler, for treatment. The appellant saw Dr. Hemler on September 22, 2000. He diagnosed her with degenerative osteoarthritis with cervical (neck) segmental pain and lumbar (back) degenerative disease. Dr. Hemler concluded that these conditions arose directly as a result of the appellant's employment and that she had a work-related injury. He again saw the appellant on November 9, 2000, and stated that the appellant's condition was unlikely to improve medically. Dr. Hemler diagnosed the appellant as having five percent impairment in the neck area and having five percent impairment to the back. This equaled a ten percent total body impairment, which he considered to be directly related to the appellant's combined work-related injuries.

[¶ 6]   After learning on May 24, 2000, that she had degenerative disks in her neck and back, the appellant informed the Safeway store manager of her condition. He prepared an Employer's Report of Injury, which he faxed to Safeway's corporate office on May 25, 2000. The manager's report indicated that the appellant notified him of her condition on May 25, 2000, but left blank the date of her actual injury. The appellant completed an Employee's Report of Injury on May 25, 2000, indicating that the date of injury was May 23, 2000, and that she reported the incident to her employer on May 25, 2000. The appellant filed a worker's compensation claim on June 9, 2000.

[¶ 7]   On August 8, 2000, the Division sent the appellant a Final Determination letter in response to her claim. It concluded that it could not pay her benefits because: (1) the Division was prejudiced by the late filing of the claim, and (2) the Division had not received any medical information relating to the injury. The appellant timely objected to this determination on August 18, 2000. After a contested case hearing on March 12, 2001, the OAH issued an Order Awarding and Denying Benefits dated April 12, 2001. The OAH awarded the appellant benefits for medical and temporary total disability for her neck condition, but denied benefits for the back injury. The appellant petitioned the district court on April 26, 2001, for review of the OAH's order. The district court certified review to this Court on June 4, 2001.

## STANDARD OF REVIEW

[¶ 8]   When the district court certifies directly to this Court an administrative agency's decision, we review that agency decision "under the same appellate standards applicable to the reviewing court of the first instance." *Matter of Bessemer Mt.*, 856 P.2d 450, 453 (Wyo.1993), *cert. denied*, 519 U.S. 1091, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997). Our review is limited to a determination of the factors specified in Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2001). The reviewing court shall:

Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

* * *

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c)(ii).

[¶ 9] The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are a question of law over which our review authority is plenary. *In re Jensen,* 2001 WY 51, ¶ 10, 24 P.3d 1133, 1136 (Wyo.2001). We affirm an administrative agency's conclusions of law only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Id.*

[¶ 10] In reviewing the findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. *Id.* If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and we must uphold the findings on appeal. Substantial evidence is relevant evidence that a reasonable mind might accept in support of the agency's conclusion. It is more than a scintilla of evidence. *Id.*

[¶ 11] In a worker's compensation case, the claimant has the burden of proving the statutory elements that comprise a "compensable injury." *Matter of Workers' Compensation Claim of Jacobs,* 924 P.2d 982, 984 (Wyo.1996). The claimant must show the cause of the condition for which compensation is claimed, and that the injury occurred in the course of employment. *State ex rel. Wyoming Workers' Compensation Div. v. Espinoza,* 924 P.2d 979, 981 (Wyo.1996).

## DISCUSSION

[¶ 12] The appellant argues that she fully and timely complied with the reporting and filing requirements of Wyo. Stat. Ann. § 27–14–502(a) (LexisNexis 2001), which states, in pertinent part:

As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall, in writing or by other means approved by the department, report the occurrence and general nature of the accident or injury to the employer. In addition, the injured employee shall within ten (10) days after the injury became apparent, file an injury report with the employer and the division in a manner and containing information prescribed by division rule and regulation.

The reporting and filing requirements under Wyo. Stat. Ann. § 27–14–502(a) are triggered by a compensable injury. *Big Horn Coal Co. v. Wartensleben,* 502 P.2d 187, 188 (Wyo. 1972). The law on determining the date of a compensable injury is well established. The notice and claim requirements of the worker's compensation statutes do not begin to run until the employee becomes aware that an accident has caused an injury; and the term "injury" as used in the statutes means compensable injury. *Wesaw v. Quality Maintenance,* 2001 WY 17, ¶ 10, 19 P.3d 500, 504 (Wyo.2001). "[W]hen determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment?" *Aanenson v. State ex rel. Wyoming Workers' Compensation Div.,* 842 P.2d 1077, 1082 (Wyo.1992).

[¶ 13] This question requires a careful evaluation of all facts to determine when an employee reasonably understood the nature and seriousness of her condition and that it was work-related. While employees need not file claims for trivial injuries to avoid timeliness issues, the employee may not ignore the requirements for compensable injuries because notice and the statute of limitations exist to allow employers to investigate claims, monitor medical care, and avoid stale claims. *Sherwin–Williams Co. v. Borchert,* 994 P.2d 959, 964 (Wyo.2000). The finder of fact must determine the time and

cause of a compensable injury. Whether an employee's claim is to be barred for failure timely to file notice or a claim is a mixed question of fact and law. *Aanenson,* 842 P.2d at 1080.

[¶ 14] The appellant argues that she was not aware of the magnitude and extent of her injuries until she saw her family physician on May 23, 2000, and he informed her of her condition on May 24, 2000. She contends that she timely filed a report with her employer on May 25, 2000, and with the Division on June 9, 2000.

[¶ 15] The Division alleged that the appellant did not suffer a compensable injury and that the appellant failed timely to report the injury to Safeway and to the Division. The Division also argued that it and Safeway were prejudiced in investigating the incident and in monitoring medical treatment. In order to overcome a presumption of claim denial for failure timely to file, the appellant had to show a lack of prejudice to Safeway and the Division by clear and convincing evidence. Wyo. Stat. Ann. § 27–14–502(c). Whether a claimant has established a lack of prejudice is a question of fact. *In re Worker's Compensation Claim of Payne,* 993 P.2d 313, 316 (Wyo.1999). In *Wesaw,* we stated that the presumption of claim denial "does not arise unless an employee failed to report within 72 hours *and* failed to file an injury report within ten days." *Wesaw,* 2001 WY 17, ¶ 14, 19 P.3d at 506 (emphasis in original).

[¶ 16] In the instant case, the appellant's actions indicate that she understood by January 2000 the nature of her injuries and that they were work-related. The appellant immediately told her supervisor about her neck injury after it occurred in October 1999. She characterized the injury as a pulled muscle that was painful. Approximately two weeks later, she tripped over a pallet and again characterized the injury as a pulled muscle, this time in her back, yet she failed to report this to her employer until May 25, 2000. The record shows the appellant knew sometime after Christmas 1999 that her neck and back symptoms had increased and the pain had not subsided. An injury is apparent when the claimant knows she " ' "has suffered an injury which can

result in, or is likely to cause, a compensable disability." ' " *Beitel v. State ex rel. Wyoming Workers' Compensation Div.,* 991 P.2d 1242, 1245 (Wyo.1999) (*quoting Matter of Zielinske,* 959 P.2d 706, 709 (Wyo.1998) and *Curnow v. State ex rel. Wyoming Workers' Compensation Div.,* 899 P.2d 875, 878 (Wyo. 1995)). The appellant's testimony suggests that the injury occurred within a reasonably definite time period, and that she knew she had a compensable injury by January 2000, triggering the notice requirement pursuant to Wyo. Stat. Ann. § 27–14–502(a).

[¶ 17] Based on the evidence, the hearing examiner concluded that the appellant had timely reported her neck injury to Safeway, but did not timely report her back injury to Safeway or the Division. The hearing examiner found that the appellant was entitled to benefits for the neck injury as the medical evidence had established a causal connection between work and her neck condition. The hearing examiner presumed benefits were denied for the back injury pursuant to Wyo. Stat. Ann. § 27–14–502(c), which states:

> Failure of the injured employee ... to report the accident or injury to the employer and to file the injury report in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the injury and in monitoring medical treatment.

[¶ 18] We hold that there is substantial evidence to support the hearing examiner's factual findings. We also agree with the hearing examiner that the appellant presented no evidence to rebut the presumption of claim denial. We affirm the hearing examiner's award of benefits for the appellant's neck injury and the denial of benefits for the appellant's back injury.

GOLDEN, J., dissenting.

[¶ 19] In a series of decisions over the last year, this Court has settled the law in a troublesome area of workers' compensation: when can valid claims be denied because all

reporting requirements were not followed. Because these denials must comport with the constitutional right to due process, our decisions developed an appropriate standard of review, focused on the proper interpretation of the statutory requirements, and distinguished between the definition of a "compensable injury" and that of an "incident" or "accident." Resolving whether notices and claims were timely presents mixed questions of fact and law, and our review is *de novo*. *Wesaw v. Quality Maintenance*, 2001 WY 17, ¶¶ 11, 12, 19 P.3d 500, ¶¶ 11, 12 (Wyo.2001). Applying a *de novo* review to the denial of benefits for Logue's back injury, I find that the record does not support the denial, and I must respectfully dissent.

[¶ 20] The facts of this case are simple. In October of 1999, Logue injured her neck. Approximately a week or two later, Logue injured her back. It was the holiday season, a very busy time at her store, and she continued working. In May 2000, she had her annual check-up and reported neck pain and leg numbness to her doctor. A series of tests produced a diagnosis that she had suffered work-related injuries to both her neck and back. She reported the diagnosis to her Safeway department supervisor, and her employer provided her with an injury report that both completed and submitted to the Division. The Division denied her claim for both injuries stating they were not work-related and had not been timely reported.

[¶ 21] At the contested case hearing, Logue testified that she told her supervisor of her neck injury, and the hearing examiner found that Logue had timely told her supervisor in October that she had injured her neck. Safeway did not have Logue complete an injury report at that time. Logue then testified that she tripped and hurt her back but did not "report" it at that time. On cross-examination, Logue testified that she did tell her supervisor that she had hurt her back when it happened. She confirmed this fact on redirect examination. Importantly, the Division did not have Logue's supervisor testify. In *Wesaw*, we stated that if a claimant timely tells her supervisor of a work-related injury, her claim cannot be denied

under Wyo. Stat. Ann. § 27–14–502. *Wesaw*, ¶ 15.

[¶ 22] Despite receiving the same testimony on both injuries, the hearing examiner found that Logue did not tell her employer about her back injury. The basis for this last finding was the hearing examiner's finding # 19 which stated:

Had Logue had [sic] mentioned an accident at work, a supervisor would have filled out a report and faxed it to "loss control." Safeway would then contact the employee, discuss medical treatment and conduct an additional investigation if needed. Safeway did not do that in this case because Logue did not report a specific injury.

Yet we know that Logue reported her earlier neck injury, and Safeway did not follow this process. It is against the great weight of the evidence and purely speculative, in addition to being illogical, for the hearing examiner to decide that this process would have been followed for the later back injury when Safeway did not follow this procedure for the neck injury. We, therefore, have the same evidence, Logue's testimony, that she reported both the neck and back injuries to her supervisor after each happened. If that testimony is sufficient to establish the neck injury, then it is sufficient to establish the back injury.

[¶ 23] In addition, even if we assume that Logue's unrefuted testimony is not sufficient to grant her benefits for her back injury, we must nevertheless apply our law regarding "compensable injury." *Wesaw*, ¶¶ 15, 16. In its disclosure statement, the Division contended that Logue untimely filed her report on May 25, 2000. Logue had received her doctor's diagnosis on May 23, 2000. The hearing examiner determined that because Logue's symptoms increased during the holidays, Logue knew or should have known no later than January 2000 that she had a work-related injury or injuries. However, these symptoms were neck pains and are not relevant to the back injury. "Knowledge of the 'full extent and nature of the injury' must be distinguished from an 'incident' or an 'accident' before the notice and claim requirements of Wyo. Stat. Ann. §§ 27–14–502 and

503 are triggered." *Id.* at ¶ 17. There is no evidence establishing that Logue knew that her leg numbness was caused by the tripping incident that pulled a muscle in her back. She discovered that relationship when she received her doctor's diagnosis, and it was then that she knew the "full extent and nature of her injury."

[¶ 24] This is not a *Beitel* case where the claimant sought chiropractic treatment but did not file an injury report for several months. Here, the claimant suffered minor injuries and continued to work; however, repetitive trauma to those minor injuries resulted in a compensable injury made known to the claimant only after testing and a doctor's diagnosis. Logue timely filed her reports after receiving this diagnosis, the hearing examiner determined that these injuries were work-related, and she is entitled to benefits.

[¶ 25] I would reverse the hearing examiner's order. I respectfully dissent from the majority's decision to affirm.