In the Matter of the WORKER'S COMPENSATION CLAIM OF John R. COCHRAN, an Employee of Reiman Corporation:

John R. Cochran, Appellant (Petitioner),

v.

State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).

No. 98–195.

Supreme Court of Wyoming.

Dec. 29, 1999.

Representing Appellant: George Santini of Ross, Ross & Santini, L.L.C., Cheyenne, WY. Argument presented by Mr. Santini.

Representing Appellee: Gay Woodhouse, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General. Argument presented by Mr. Haggerty.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Appellant John Cochran appeals the denial of permanent partial disability benefits, contending that 80 percent of a pre-injury wage is not a "comparable wage" for purposes of Wyo. Stat. Ann. § 27–14–405(h) (Lexis 1999). Relying on our recent decision in *Adams v. State, ex rel. Workers' Safety and Compensation Div.*, 975 P.2d 17 (Wyo.1999), we conclude the hearing officer erred in determining that Cochran was earning a comparable wage and, therefore, reverse.

## ISSUES

Cochran presents the following issues for review:

1. Did the Office of Administrative Hearings err as a matter of law in determining that Cochran was not eligible for permanent partial disability benefits pursuant to § 27–14–405(h), W.S.1977 (1995 Repl.) because he had returned to work earning 80% of his pre-injury wage?

    A. Is 80% of a pre-injury wage a "comparable wage" for purposes of § 27–14–405(h), W.S.1977 (1995 Repl.)?

    B. Should fringe benefits be included in comparable wage calculations for purposes of determining entitlement to permanent partial disability benefits?

    C. Are the rules and regulations of the Wyoming Workers' Safety and Compensation Division defining a "comparable wage" as being 80% or more of pre-injury wages, arbitrary, capricious or in excess of the Division's authority?

Appellee Workers' Safety and Compensation Division (Division) phrases the issue:

The Employee returned to work at his pre-injury wage. The Employer laid him off eight months later, and he found another job paying eighty percent of his pre-injury wage.

    A. Was the denial of permanent partial disability benefits in accordance with law?

## FACTS

In April 1996, Cochran injured his left hand in a table saw accident while working as a carpenter for the Reiman Corporation (Reiman). Following his injury, Cochran returned to work doing light duty, earning his previous wage of ten dollars an hour with family health insurance and a pension plan. Approximately six months later, Cochran was released from light duty but retained permanent restrictions instructing him to avoid operating heavy equipment, tasks requiring the use of fine motor skills, or tasks involving excessive repetitive motions. Shortly thereafter, he was laid off when Reiman underwent a reduction in force.

Because his injury caused permanent damage to his left hand, Cochran was unable to return to work as a carpenter. Currently Cochran is employed as a warehouse manager with Arrow Moving and Storage. His present position pays eight dollars an hour and provides for single health insurance, without a pension plan.

Following an award of 14 percent permanent partial physical impairment, Cochran applied for permanent partial disability benefits. The Division rejected Cochran's request, stating that since he had returned to work earning a wage comparable to his pre-injury wage, he was not entitled to benefits. Cochran objected, and the matter was referred for a contested case hearing. At the hearing, the parties stipulated that the only contested issue was whether Cochran is, "because of the injury, unable to return to employment at a comparable or higher wage than the wage [he] was earning at the time of injury." Wyo. Stat. Ann. § 27–14–405(h)(i).

In February 1998, the Office of Administrative Hearings (OAH) held a hearing and ultimately denied Cochran's request for benefits, stating that Cochran was ineligible since he returned to work earning 80 percent of his pre-injury wage, a comparable amount. When determining Cochran's benefit eligibility, the hearing examiner did not include Cochran's fringe benefits, stating that Wyo. Stat. Ann. § 27–14–403(j) (Michie 1995 Cum. Supp.) indicates that fringe benefits are not to be used in the calculation. The examiner further reasoned that, even assuming it was proper to consider fringe benefits, Cochran failed to provide evidence of the value of these benefits and, thus, it was inappropriate to consider them. Cochran appealed this decision to the district court, which, on its own motion, certified the appeal to this court pursuant to W.R.A.P. 12.09.

### STANDARD OF REVIEW

We do not defer to an agency's conclusions of law, but will defer to the agency's findings of fact, if supported by the evidence. *Nelson v. Sheridan Manor*, 939 P.2d 252, 255 (Wyo.1997). "The interpretation and correct application of the Wyoming Worker's Compensation Act is a question of law which is accorded plenary review. The agency's conclusion[s] of law can only be affirmed if they are in accordance with the law." *Poll v. State, ex rel. Dep't of Employment, Div. of Workers' Safety & Compensation*, 963 P.2d 977, 980 (Wyo.1998) (citations omitted); *State, ex rel. Workers' Compensation Div. v. Gerdes*, 951 P.2d 1170, 1173 (Wyo.1997). Whether a post-injury wage is comparable to a pre-injury wage is a question of law. *See Adams v. State, ex rel. Workers' Safety & Compensation Div.*, 975 P.2d 17, 19–20 (Wyo.1999).

### DISCUSSION

Under Wyo. Stat. Ann. § 27–14–405(h) (Lexis 1999), an injured employee who has been awarded permanent partial impairment benefits may apply for a permanent partial disability award if:

(i) The injured employee is because of the injury, unable to return to employment at a comparable or higher wage than the

wage the employee was earning at the time of injury;

(ii) An application for permanent partial disability is filed not before three (3) months after the date of ascertainable loss or three (3) months before the last scheduled impairment payment, whichever occurs later, but in no event later than one (1) year following the later date; and

(iii) The employee has actively sought suitable work, considering the employee's health, education, training and experience.

Initially, it is important to note that nowhere in the Wyoming Worker's Compensation Act (Act) is the term "comparable wage" defined. However, we recently addressed what constitutes a comparable wage in *Adams v. State, ex rel. Workers' Safety & Compensation Div.*, 975 P.2d 17. There, the hearing examiner denied the employee's request for permanent partial disability benefits, finding that because the employee's post-injury wage was 89 percent of his pre-injury wage, the employee had returned to work at a comparable wage and, thus, failed to meet the requirements of § 27–14–405(h)(i). *Id.* at 18. In construing the meaning of the term "comparable," we reviewed the legislature's use of the term "comparable" in seventy-seven statutes, and held that the legislature intended that term to mean "substantially equal" or "equivalent." *Adams*, at 20. Applying this rule, we held that Adams' post-injury wage, which was 89 percent of his pre-injury wage, was not comparable. *Id.*

Cochran's case, however, goes beyond *Adams* because the Division has subsequently adopted Wyoming Workers' Safety and Compensation Rules, Regulations and Fee Schedules, ch. 1, § 4(s) (Aug.1997), which defines a comparable wage as "a wage of at least eighty percent (80%) of the wages paid for the worker's regular employment at the time of injury." Prior to his injury, Cochran earned ten dollars an hour; following injury, Cochran earned eight dollars an hour, or 80 percent of his former pay. In denying Cochran's request for benefits, the hearing examiner relied on this rule to find that Cochran was currently earning a wage

comparable to what he earned prior to his injury.

 While the Division possesses the requisite authority to adopt rules and regulations to aid in the administration of the Act, Wyo. Stat. Ann. § 27–14–802(a) (Michie 1995 Cum.Supp.), that authority is naturally limited, and the Division lacks the power to legislate or to amend the Act. An agency's authority is restricted "by the often stated principle that an agency enjoys only those powers which the legislature has expressly conferred and the corollary rule of construction that statutes under which an agency purports to exercise a doubtful power must be strictly construed against the exercise of that power." *Jackson v. State, ex rel. Workers' Compensation Div.*, 786 P.2d 874, 878 (Wyo.1990) (citing *Hupp v. Employment Sec. Comm'n*, 715 P.2d 223, 225 (Wyo.1986); *Tri–County Electric Ass'n, Inc. v. City of Gillette*, 525 P.2d 3, 8–9 (Wyo.1974)). In accordance with our statutory interpretation in *Adams*, we hold that the Division's rule setting 80 percent as a threshold of comparability is an improper attempt to amend § 27–14–405(h)(i) and it, therefore, is without effect.

 Alternatively, the Division contends that since Cochran returned to work at Reiman after he was injured, earning his pre-injury wage, that he is capable of procuring employment earning a comparable wage. Cochran returned to work with permanent restrictions until he was terminated approximately six months later. Although the hearing examiner failed to make a finding whether Cochran's inability to return at a comparable wage was "because of the injury," the record reveals to our satisfaction that Cochran's injury prevents him from returning to employment at a comparable wage. Cochran injured his left hand in a table saw accident wherein his hand was drug across the top of the saw blade. As a result of the injury, Cochran mainly has use of only the last two fingers on his hand, has lost flexibility, and suffers from 50 percent loss of strength. According to the record, Cochran conducted an extensive job search following his termination from Reiman, including seeking employment from Reiman. Cochran's permanent physical limitations, however, prevent him from obtaining a job paying a wage comparable to his wage at Reiman.

### Consideration of Fringe Benefits

Cochran argues that the OAH's decision should be vacated because the hearing examiner failed to include a comparison of his fringe benefits in the determination of the comparability of his wage. In light of our holding that Cochran's post-injury and pre-injury wages are not comparable, this is not the proper case to decide the propriety of including fringe benefits in the determination of whether an injured employee is able to return to employment at a comparable wage.

### CONCLUSION

*Adams* makes clear that Cochran's post-injury wage, which is 80 percent of his pre-injury wage, is not comparable as a matter of law. Cochran, therefore, is entitled to benefits under Wyo. Stat. Ann. § 27–14–405(h) (Lexis 1999). The hearing examiner's order denying benefits is reversed and remanded for determination of an appropriate award.