2005 WY 49

**In The Matter of the Workers' Compensation Claim of Justin C. KUNKLE, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 04–131.

Supreme Court of Wyoming.

April 14, 2005.

Representing Appellant: David M. Gosar, Jackson, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and STEBNER, D.J., Retired.

KITE, Justice.

[¶ 1] Justin C. Kunkle filed a claim for workers' compensation benefits claiming he was injured while working in Teton County for Shane Demler Masonry (Demler), a Utah based construction company. The Wyoming Workers' Compensation Division (Division) denied Mr. Kunkle's claim, he objected and, after a hearing, the Office of Administrative Hearings (OAH) also denied his claim, finding that Mr. Kunkle did not meet his burden of proof and that Demler "was not an employer principally located in Wyoming." Mr. Kunkle appealed to the district court, which affirmed the denial of benefits, and he now appeals to this Court. We reverse.

## ISSUES

[¶ 2] Mr. Kunkle presents a single issue for review:

> The Office of Administrative Hearings erred as a matter of law by applying W.S. [§ 27–14–301] to this case, and further, by interpreting this statute in a manner that resulted in the denial of workers' compensation coverage.

The State rephrases the issue as follows:

> Whether the Hearing Examiner's denial of Workers' Compensation coverage, to an employee of a non-resident employer who has no principal place of business in Wyoming, is in accordance with law.

## FACTS

[¶ 3] On January 21, 2002, Demler hired Mr. Kunkle to work as a stone mason on the Four Seasons Hotel in Teton Village, a project which lasted over a year. Demler is a Utah company and was contracted to provide masonry services to the project. On the same day Demler hired Mr. Kunkle, he injured his right knee when he fell from icy scaffolding and landed on a heater, twisting his knee and tearing ligaments. Mr. Kunkle reported the injury to his foreman and was taken to St. John's Hospital in Jackson. Following treatment at the hospital, Mr. Kunkle was given a leg brace and prescribed physical therapy. No surgery was performed.

[¶ 4] Mr. Kunkle's physician certified temporary total disability from January 21, 2002, to March 26, 2002, and he applied for both Utah and Wyoming workers' compensation benefits. The Utah workers' compensation division denied Mr. Kunkle's claim on February 13, 2002. Likewise, on March 20, 2002, the Division issued a final determination concluding, "pursuant to Wyoming Statute 27–14–301(a)(i), coverage is required only if the principal place of business is localized in Wyoming. Shane Demler Masonry did not elect to obtain coverage for Wyoming residents on the date of injury." [1]

[¶ 5] Mr. Kunkle objected to the Division's determination and a hearing was held. At the hearing, Mr. Kunkle contended that Demler's contacts within Wyoming established that Demler was not a temporary employer, but rather was required to obtain workers' compensation coverage in Wyoming. However, the hearing examiner affirmed the Division's denial of benefits, concluding that "[Demler] was not an employer principally located in Wyoming, and [Mr. Kunkle] should not receive benefits under the Wyoming Workers' Compensation Act."

[¶ 6] Mr. Kunkle timely filed with the district court a petition for review of the hearing examiner's order. On March 11, 2004, the district court affirmed the order and Mr. Kunkle now appeals.

## STANDARD OF REVIEW

[¶ 7] We review agency action following contested case hearings in accordance with Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2003), which provides as follows:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole

---

1. Demler obtained Wyoming coverage after Mr. Kunkle's accident.

record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ [¶ 8] Furthermore, in *Hoff v. State ex rel. Wyo. Workers' Safety and Compensation Div.*, 2002 WY 129, ¶¶ 5–8, 53 P.3d 107, ¶¶ 5–8 (Wyo.2002), we reiterated the proper application of the substantial evidence and arbitrary and capricious standards of review:

Our standard of review when reviewing administrative agency action was recently clarified in the case of *Newman v. State ex. rel.Workers' Safety and Compensation Div.*, 2002 WY 91, 49 P.3d 163 (Wyo. 2002). . . .

In appeals where both parties submit evidence at the administrative hearing, *Newman* mandates that appellate review be limited to application of the substantial evidence test. *Newman*, 2002 WY 91, 22, 49 P.3d 163. This is true regardless of which party appeals from the agency decision. In addition, this court is required to review the entire record in making its ultimate determination on appeal. *Newman*, at ¶ 19 and ¶¶ 24–26.

The substantial evidence test to be applied is as follows:

"In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence."

*Newman*, at ¶ 12 (quoting *State ex rel. Workers' Safety and Compensation Div. v. Jensen*, 2001 WY 51, ¶ 10, 24 P.3d 1133, ¶ 10 (Wyo.2001)).

Even when the factual findings are found to be sufficient under the substantial evidence test, *Newman* further concludes this court may be required to apply the arbitrary-and-capricious standard as a "safety net" to catch other agency action which prejudiced a party's substantial right to the administrative proceeding or which might be contrary to the other WAPA review standards. . . .

Because Mr. Kunkle and the Division both presented evidence, we will review the decision under the substantial evidence standard.

[¶ 9] We afford no deference to the agency's legal conclusions. Statutory interpretation raises questions of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. *Wesaw v. Quality Maintenance*, 2001 WY 17, ¶ 8, 19 P.3d 500, ¶ 8 (Wyo.2001).

## DISCUSSION

■ [¶ 10] Mr. Kunkle argues that Wyo. Stat. Ann. § 27–14–301 (LexisNexis 2003), which purports to require that the employment must be principally located in Wyoming for the act to apply to the work-related injury, pertains only to employment outside of Wyoming and therefore, does not apply to Mr. Kunkle who was working in Wyoming when injured. The Division argues § 27–14–301 clearly pertains to Mr. Kunkle's situation.

■ [¶ 11] Statutory interpretation involves a reasoned search for the intention of

the legislature. *Petroleum Inc. v. State ex rel. State Bd. of Equalization,* 983 P.2d 1237, 1240 (Wyo.1999). We interpret statutory language in light of the purpose and policy behind the enactment. In seeking to ascertain the intent of the legislature regarding the proper construction, we are guided by the fact that the legislature is presumed to have intended a reasonable, just, and constitutional result. 82 C.J.S. *Statutes* §§ 307–310 (2004); *Petroleum Inc.,* 983 P.2d at 1240. The rules of statutory interpretation are well recognized:

> "We first decide whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. 'A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability.' A 'statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.' "

*Powder River Coal Co. v. State Bd. of Equalization,* 2002 WY 5, ¶ 6, 38 P.3d 423, ¶ 6 (Wyo.2002) (citations omitted).

> "When the words used are clear and unambiguous, a court risks an impermissible substitution of its own views, or those of others, for the intent of the legislature if any effort is made to interpret or construe statutes on any basis other than the language invoked by the legislature.... If the language selected by the legislature is sufficiently definitive, that language establishes the rule of law.... This inhibition upon statutory construction offers assurance that the legislative efforts and determinations of elected representatives will be made effective without judicial adjustment or gloss."

*State ex rel. Dept. of Revenue v. Buggy Bath Unlimited, Inc.,* 2001 WY 27, ¶ 16, 18 P.3d 1182, ¶ 16 (Wyo.2001) (citation omitted). Furthermore, when interpreting statutes, we give effect to every word, clause and sentence, and construe them in pari materia. *Pedro/Aspen, Ltd. v. Bd. of County Comm'rs,* 2004 WY 84, ¶ 27, 94 P.3d 412, ¶ 27 (Wyo. 2004). We avoid construing a statute so as to render a portion of it meaningless. *Id.*

[¶ 12] The actual language of § 27–14–301 is quite clear and unambiguous. It states:

§ 27–14–301. Applicability of provisions.

(a) This act applies to all injuries and deaths **occurring in Wyoming** in employment described in W.S. 27–14–108(a), (d), (e), (j), (k) or (m) **if the employment is principally localized in Wyoming** and to all injuries and deaths occurring outside of Wyoming in employment described in W.S. 27–14–108(a), (d), (e), (j), (k) or (m) under the following conditions:

(i) The employment is principally localized in Wyoming;

(ii) The employee at the time of the injury is working under a contract for hire made in Wyoming for employment by an employer who has a principal place of business within the state established for legitimate business-related purposes and the employment is within the United States, a United States territory, Canada or Mexico, but which is not principally localized in any other state, United States territory, Canada or Mexico; or

(iii) The employee at the time of the injury is working under a contract for hire made in Wyoming for employment principally localized in another state, United States territory, Canada or Mexico, the workers' compensation law of which jurisdiction does not require that the employment be covered by a workers' compensation insurance policy issued under the laws of that jurisdiction.

(b) **For purposes of this section, employment is principally localized where:**

(i) **The employer has a principal place of business within the state established for legitimate business-related purposes; and**

(ii) **The employee regularly works at or from that place of business.**

(emphasis added).

[¶ 13] Mr. Kunkle argues that the legislature's use of the term "this act" in the first phrase refers to the entire Wyoming Workers' Compensation Act and thus that phrase simply restates the general purpose of the act as a whole. He contends the remainder

of the statute addresses out-of-state employment. We can agree that the second phrase of subsection (a), which refers to injuries occurring outside of the state, and subsections (i) and (ii) do not apply to injuries such as Mr. Kunkle's which occur in the state. However, his argument ignores the complete language of the first phrase which states, "[t]his act applies to all injuries and deaths occurring *in Wyoming* in employment described in W.S. 27–14–108(a), (d), (e), (j), (k) or (m) *if the employment is principally localized in Wyoming* ..." § 27–14–301(a) (emphasis added). Ignoring the requirement that employment must be principally localized in Wyoming disregards our well-established case law, which requires we give full effect to the plain language chosen by the legislature.

[¶ 14] However, when all of the workers' compensation statutes are read together, we perceive a conflict between the apparent intent to cover all employees working in the state and the requirement of § 27–14–301 that the act is applicable to injuries occurring in the state only if the employment is "principally located in Wyoming." The structure of the workers' compensation system seems to be focused upon providing all employees in ultra-hazardous jobs an exclusive remedy for any injury, no matter where the employer resides or whether the employer obtained coverage and paid the required premiums. *See* Wyo. Stat. Ann. § 27–14–102(a)(vii) (LexisNexis 2003) defining employee as any person engaged in extrahazardous employment; Wyo. Stat. Ann. § 27–14–102(a)(viii) (LexisNexis 2003) defining employer as any person employing an employee engaged in extrahazardous employment or who elects coverage without limitation as to residence; Wyo. Stat. Ann. § 27–14–102(a)(xi) (LexisNexis 2003) defining injury without limitation to where it

occurred; Wyo. Stat. Ann. § 27–14–203(a) (LexisNexis 2003) which allows the state to recover against employers who do not obtain and pay for coverage for benefits paid to injured employees (inferring employees are covered irrespective of whether employer has coverage); Wyo. Stat. Ann. § 27–14–108(g)(iv) (LexisNexis 2003) which provides the act does not apply to itinerant employers without a fixed base of operation in the state, but also provides this section does not prohibit coverage of any resident employee performing substantially all his services within the state (inferring such employees are eligible for benefits). However, the issue of the inconsistency of § 27–14–301(a) with the rest of the act was not raised below, and therefore, we will not address it here. In addition, we need not address it in resolving this case because the record supports the conclusion that Mr. Kunkle's employment was principally located in Wyoming and thus the requirement of § 27–14–301 was met and he was entitled to benefits.

[¶ 15] Based upon a thorough review of the entire record, we agree with Mr. Kunkle that his employment was principally localized in Wyoming because Demler had "a principal place of business in Wyoming," thus complying with § 27–14–301(a) and entitling Mr. Kunkle to benefits. Section 27–14–301(b) defines "employment principally localized" as where "the employer has a principal place of business within the state established for legitimate business-related purposes; and the employee regularly works at or from that place of business." The Workers' Compensation Act does not define "a principal place of business." However, Chapter 1, Section 4(t)[2] of the Division's rules and regulations defines it as follows:

> (t) *Principal Place of Business.* For purposes of W.S. § 27–14–301(b), a "princi-

---

2. This section was amended in 2004 and has been renumbered section 4(ad). The section now reads:

> (ad) *Principal Place of Business.* For purposes of W.S. § 27–14–301(b), a "principal place of business within the state established for legitimate business purposes" must have the following characteristics:
> (i) exclusive use of fixed premises with recognizable physical address;

> (A) A business sharing building or trailer space must have a clearly defined location used exclusively for its business.
> (ii) at least one employee who regularly performs most of his services for the business in or based out of the fixed premises;
> (iii) is regularly accessible by mail or other recognized delivery service; and
> (iv) regularly conducts its primary business or necessary ancillary services at the fixed premises.

pal place of business within the state established for legitimate business-related purposes" must have the following characteristics:

(i) exclusive use of fixed premises with recognizable physical and mailing addresses:

(ii) at least one employee who regularly performs most of his services for the business in or out of the fixed premises;

(iii) the business is regularly accessible by telephone and mail at the fixed premises; and

(vi) the business regularly conducts its primary business or necessary ancillary services at the fixed premises.

[¶ 16] We consider each element of the rule as it applies to Demler. First, we must address the Division's argument that Demler did not occupy a "fixed premises," because that term appears in each element of the rule. The term "fixed premises" is not defined by either the Wyoming Workers' Compensation Act or the workers' compensation rules and regulations. According to Webster's New World Dictionary 528 (2d ed.1972), the word "fixed" means "firmly placed or attached; not movable, unmoving, resolute." As the record shows, Demler maintained an office in a construction trailer that was located in the same place for at least one year. While it was apparently capable of being moved, it was not moved, and provided support for a job of substantial duration. Within the trailer, Demler had a designated area in which its employees worked and provided support to the masonry project.

[¶ 17] Section 4(t)(i) of the Division's rules requires "exclusive use of fixed premises with recognizable physical and mailing addresses." Demler shared a trailer on the job site with the general contractor. Mr. Kunkle testified that Demler had exclusive use of its portion of the trailer. "[The general contractor] had an office [on] this side of the trailer; then [Demler] had their ... office over there, you know." The Division seems to suggest that simply because Demler's office was in a construction trailer shared with the general contractor it was not the "exclusive use of a fixed premises." We

find that reading of the statute and the workers' compensation rules and regulations unreasonable. To require that employers occupy a certain type of structure or refrain from sharing facilities in order for the employment to qualify as principally located in Wyoming would go far beyond § 27–14–301(b). As we noted in *Cochran v. State ex rel. Wyo. Workers' Safety and Compensation Div.*, 993 P.2d 320 (Wyo.1999), the Division lacks the power to legislate and is limited to the authority granted to it by the legislature. There was also testimony that Demler maintained a post office box in Jackson, thus complying with "recognizable physical and mailing address."

[¶ 18] Section 4(t)(ii) of the Division's rules requires that at least one employee must regularly perform most of his services for the business in or out of the fixed premises. Mr. Kunkle's uncontested testimony indicated that Demler had a secretary that worked out of the construction trailer.

[¶ 19] Section 4(t)(iii) of the Division's rules mandates that the business be regularly accessible by telephone and mail at the fixed premises. Mr. Kunkle testified the trailer contained a "land line" telephone and a cell phone for use in connection with the business. Demler had a working fax machine in the trailer which was used to fax Mr. Kunkle's W–2 form to Utah. Further, the Division conceded at oral argument that most mail in Jackson is delivered to post office boxes and Demler maintained such a box.

[¶ 20] Lastly, Section 4(t)(iv) of the Division's rules, requiring that "the business regularly conducts its primary business or necessary ancillary services at the fixed premises," was satisfied by the testimony that Demler employed a secretary at the trailer site, W–2 forms were faxed to Utah from the trailer, and Mr. Kunkle was hired at the trailer site. While Demler obviously did not conduct its "primary" business, that of masonry, at the trailer, "necessary ancillary services" including the administration of the business were unmistakably conducted at the trailer site.

[¶ 21] The only factual findings made by the hearing examiner were that Demler was working on a job in Teton County expected

to last a year, had a trailer at the jobsite that they used as an office, and received mail at a post office box in Jackson. On the basis of those limited findings, the hearing examiner concluded, as a matter of law, "Demler was not an employer principally located in Wyoming" and Mr. Kunkle should not receive workers' compensation benefits. While the hearing examiner's limited factual findings are supported by substantial evidence, they do not support the conclusions of law which purportedly rely upon them. We have stated:

> "When an agency's determinations contain elements of law and fact, we will not treat them as findings of fact. We extend deference only to agency findings of 'basic fact.' When reviewing a finding of 'ultimate fact,' we divide the factual and legal aspects of the finding to determine whether the correct rule of law has been properly applied to the facts. If the correct rule of law has not been properly applied, we do not defer to the agency's finding but correct the agency's error in either stating or applying the law."

*Tollefson v. Wyo. State Ret. Bd.*, 2003 WY 150, ¶ 10, 79 P.3d 518, ¶ 10 (Wyo.2003) (citation omitted).

[¶ 22] The hearing examiner's conclusions erroneously characterize the statute as requiring the *employer*, as opposed to the *employment*, to be principally located in Wyoming. In a demonstration of similarly imprecise and misleading use of language, the Division's brief suggests the statute requires that the employer conduct "its primary business" in Wyoming. The clear requirement of the statute is simply that the "*employment* be principally localized" in Wyoming and that occurs when an employer has *a* (not *the*) principal place of business within the state established for legitimate business-related purposes and the employee regularly works at or from that place of business. The uncontested evidence Mr. Kunkle presented met that standard.

[¶ 23] Although not mentioned in the hearing examiner's findings and conclusions, the Division's determination to reject Mr. Kunkle's claim also referred to the employer's election not to obtain coverage as a basis for its ruling. While this issue is not directly before us, we note that a non-resident employer has certain obligations pursuant to the statute including to provide certain reports to the division and to file a surety bond. Wyo. Stat. Ann. § 27–14–302 (LexisNexis 2003). In addition, no contract is to be let to a nonresident employer for work in the state until worker compensation contributions have been made. Wyo. Stat. Ann. § 27–14–303 (LexisNexis 2003). The only non-resident employer that is exempt from the act is a primarily itinerant worker with no fixed base of operations in the state as provided in Wyo. Stat. Ann. § 27–14–108(g)(iv) (LexisNexis 2003). Further, the statute provides that employees of itinerant employers are not prohibited from obtaining coverage under the act. Thus, it appears when the entire act is read as a whole, the employer's election not to obtain coverage is not determinative of whether the employee is entitled to benefits.

## CONCLUSION

[¶ 24] We hold that Mr. Kunkle's employment was principally located in Wyoming and, thus the act applied to his work-related injury. We reverse the district court's order and remand for further proceedings consistent with this opinion.