2005 WY 144

Cleveland HOLLOWAY, Appellant
(Petitioner),

v.

WYOMING GAME AND FISH
COMMISSION, Appellee
(Respondent).

No. 05–52.

Supreme Court of Wyoming.

Nov. 18, 2005.

Representing Appellant: Cleveland Holloway, pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Jay Jerde, Deputy Attorney General; Thomas W. Rumpke, Senior Assistant Attorney General; and Eric K. Nelson, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

KITE, Justice.

[¶ 1] Cleveland Holloway was awarded a permit in 2003 to hunt bighorn sheep in area 23 east of the Green River Lakes in the Bridger Wilderness area of western Wyoming. After the season ended, Mr. Holloway requested a refund of his license fee and restoration of his preference points, claiming he was unable to hunt due to a forest fire in the area and a reduction in the bighorn sheep population. The License Review Board (Board) denied his request. Mr. Holloway appealed the Board's decision to the Game and Fish Commission (Commission), which upheld the denial. Mr. Holloway then sought review of the agency action in district court. The district court also affirmed. He now appeals to this Court, and we also affirm.

## ISSUES

[¶ 2] Mr. Holloway, who has appeared *pro se* throughout these proceedings, presents the following issues:

A. Did the District Court err when it decided that I did not file my request for reimbursement or refund of my preference points on time?

B. Did the District Court err when it decided that I actually hunted Area 23 during the 2003 season?

The Commission presents the following issue:

Was the decision of the Wyoming Game and Fish Commission to deny Cleveland Holloway's request for a refund of his bighorn sheep license fee and to restore his preference points arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

## FACTS

[¶ 3] Mr. Holloway applied for and was awarded a license to hunt bighorn sheep in area 23 from September 1 to October 15, 2003. In early August, prior to the opening date for hunting, a fire broke out at the base of Slide Lake and in the Clear Creek drainage in area 23, causing the United States Forest Service (U.S.F.S.) to close the Slide Lake and Clear Creek trails and impose a perimeter preventing public access to that portion of area 23.

[¶ 4] On November 6 and 7, 2003, Mr. Holloway attended a Commission meeting in Rock Springs. He spoke to a department representative about obtaining a refund of his license fee and reinstatement of his preference points [1] because he had not been able to adequately hunt area 23. The representative advised him to send a letter to the Board. By letter dated November 8, 2003, and received November 12, 2003, Mr. Holloway made a written request for reinstatement of his preference points. Citing Chapter 44 § 22(e) of the Commission's rules and regulations, Mr. Holloway claimed he was entitled to reinstatement because he was unable to hunt in area 23 due to the fire closure and "the die off of a large number of Whisky Mountain Bighorn Sheep."

[¶ 5] On December 1, 2003, the department informed Mr. Holloway that the Board

---

1. The preference point system, provided for in Wyo. Stat. Ann. § 23-1-703(b) (LexisNexis 2003) and Chapter 44 § 18 of the Commission's rules and regulations, is a procedure whereby the department assigns points to each license applicant based upon the number of years the applicant has unsuccessfully applied for a license. At least seventy-five percent of the big game and trophy licenses issued for a particular hunt area are randomly selected through a preference point drawing from among the group of applicants with the largest number of points. Upon drawing a bighorn sheep license, an applicant's preference points are deleted and he is prohibited from applying for or receiving another license for bighorn sheep for another five years.

had reviewed his request and was denying it for two reasons. First, the Board concluded Chapter 44 § 22(e) allowed a partial refund where the majority of the public access to public lands was lost due to natural disaster such as fire. Based upon information received from the U.S.F.S., the Board concluded a majority of area 23 was open for hunting despite the fire. Because a majority of the area was open for hunting, the Board concluded a refund was not authorized under the rules. Additionally, the Board determined Mr. Holloway's request for a refund was not timely under Chapter 44 § 22(e) because it was not received by 5:00 p.m. on the fifth business day following the opening date for hunting in area 23. The department informed Mr. Holloway of his right to appeal the decision within ten days of receipt of the letter.

[¶ 6] Mr. Holloway appealed the Board's decision to the Commission. As grounds for restoration of his preference points, Mr. Holloway stated game and fish personnel had told him before the fire that bighorn sheep were located only in the northern one-third of area 23, not the southern two-thirds. Because after the fire broke out the U.S.F.S. prohibited public access to the portion of area 23 where the sheep were located, Mr. Holloway argued the majority of public access to public lands was lost due to the fire within the meaning of the Commission's rules and regulations and he was entitled to restoration of his preference points.

[¶ 7] The Commission heard Mr. Holloway's claim on February 13, 2004. Both Mr. Holloway and the department presented evidence before the Commission. At the conclusion of the hearing, the majority of the commissioners voted to uphold the Board's decision denying Mr. Holloway's request.[2]

[¶ 8] Mr. Holloway filed a complaint for review of agency action in district court on March 12, 2004.[3] He alleged he was unable to adequately use his bighorn sheep hunting license because: 1) a significant amount of land within area 23 had been burned by fire just prior to and during the hunting season, and 2) he was informed by a forest service ranger that the remaining lands in area 23 had a very low hunter success rate. Mr. Holloway filed his brief on July 8, 2004, stating his reasons for believing the Commission and Board erred in denying his request. In his brief to the district court, Mr. Holloway alleged for the first time that he was unable to adequately use his license due to injury and illness. The Commission filed its responsive brief and, on January 5, 2005, the district court issued a decision letter in which it affirmed the Commission's rulings. In the final paragraph, the district court stated:

> The Commission's decision denying Holloway's request for a refund and reinstatement of preference points is supported by substantial evidence and is neither arbitrary nor capricious. Holloway hunted on his bighorn sheep license in area 23 and failed to timely file his refund request.

## STANDARD OF REVIEW

[¶ 9] Both Mr. Holloway and the department presented evidence before the Commission. In administrative appeals where both parties submitted evidence, our review is limited to application of the substantial evidence test. *Kunkle v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 2005 WY 49, ¶ 8, 109 P.3d 887, 889 (Wyo. 2005). We have stated the substantial evidence test as follows:

> "In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclu-

---

**2.** The Commission minutes reflect that Commissioner Fleming voted no because "Mr. Holloway was only asking for preference points back, and she felt there was still some question about the extent of the fire in the hunt area."

**3.** Pursuant to W.R.A.P. 12.03, an appeal to district court from an agency determination is properly captioned a petition for review. Although Mr. Holloway's pleading was entitled "Complaint for Review", we treat it as a petition for review.

sions. It is more than a scintilla of evidence."

*Id.*

[¶ 10] When the factual findings are found to be sufficient under the substantial evidence test, we may be required to apply the arbitrary and capricious standard to catch other agency action that prejudiced a party's substantial right or was contrary to other W.A.P.A. review standards. *Id.*

## DISCUSSION

[¶ 11] In his *pro se* brief, Mr. Holloway sets forth a variety of reasons why this case should be remanded to the district court for entry of an order requiring the Commission to reimburse his license fee and reinstate his preference points. Stated succinctly, he claims that for various reasons he was not able to hunt bighorn sheep in 2003 and the Commission ought to refund the money and preference points he expended for the unused hunting license. The reasons Mr. Holloway gives in his brief to this Court for being unable to hunt are: 1) the area within area 23 where bighorn sheep could be found was closed due to the fire; 2) the outfitter he hired to go into area 23 from the south refused to go into the closed area and the trip was aborted because of a winter storm; and, 3) torn cartilage in his knee and an enlarged and infected prostate limited his ability to hunt.

[¶ 12] From our review of the record, it appears only one of these reasons was presented before the Commission. Although Mr. Holloway raised the issue of his medical problems in his appeal to the district court, he did not raise it before the Commission. It is well-established that claims raised for the first time on appeal will not be considered. *Davis v. City of Cheyenne*, 2004 WY 43, ¶ 26, 88 P.3d 481, 490 (Wyo.2004). Therefore, we limit our review to Mr. Holloway's claim that he was unable to hunt because the U.S.F.S. would not allow entry into the portion of area 23 where bighorn sheep were located.

4. Chapter 44, § 22, of the Commission's rules and regulations was modified on August 27, 2004 and September 22, 2005. Among other changes,

[¶ 13] Chapter 44, § 22(e) of the Commission's rules and regulations sets out the procedure and requirements for obtaining a license fee refund and restoration of preference points. The provision in effect at all times relevant to Mr. Holloway's claim stated as follows:

(e) When the Department has determined a majority of the hunting opportunity has been lost in [a] ... bighorn sheep ... limited quota hunt area due to the administrative actions of the state or federal government in closing the majority, but not all, of the public access to public lands due to a natural disaster, including but not necessarily limited to, wildland fires, the holder of a limited quota ... bighorn sheep ... license for said limited quota hunt area may request a fifty percent (50%) refund of the license fee from the Department. In the event the Department determines one-hundred percent (100%) of the hunting opportunity and access to the hunt area has been closed due to a natural disaster, the holder of a limited quota ... bighorn sheep ... license may request a one-hundred percent (100%) license fee refund.... If the holder of a bighorn sheep ... license requests a refund, the Department shall restore the individual's preference point(s), including any preference point earned for the current year. To qualify for consideration of a license fee refund, the license holder shall submit the request for refund in writing to Headquarters, Fiscal Administration. The request, along with the unused intact license, must be received by the Department headquarters by 5:00 p.m. on the fifth (5th) business day following the opening date for the regular hunting season.... Refunds shall be denied in any circumstance where the license holder hunted on the license after the earliest regular hunting season date as listed in the current Commission regulation for the species for which the license is valid.

*Wyoming Game and Fish Commission Rules and Regulations*, Chapter 44, § 22(e) (July 29, 2003).[4]

the current regulation requires requests for a refund to be submitted during the calendar year for which the license is valid accompanied by a

[¶ 14] On the basis of this regulatory provision, the Board denied Mr. Holloway's request because it concluded the majority of the hunt area was open for hunting during the season and his request was not received on the fifth day following the opening date of the season in his area. The minutes of the Commission meeting do not include any discussion of the Commission's reasoning but reflect only that a majority of the commissioners voted to support the Board's determination. The district court's decision letter concluded that the Commission's decision was supported by substantial evidence and was not arbitrary or capricious because the undisputed evidence showed that Mr. Holloway hunted on his license during the September 1 through October 15, 2003, season and failed to timely file his refund request.

[¶ 15] We conclude substantial evidence supported the determination that Mr. Holloway failed to timely file his request as provided in Chapter 44, § 22(e). That failure alone provided an adequate basis for denying his request. As reflected in the quotation above, the regulation in effect at the time required requests for refunds to be received by department headquarters by 5:00 p.m. on the fifth business day following the opening date for the regular hunting season. The evidence was undisputed that the regular hunting season for area 23 in the year 2003 began on September 1 and ended October 15. The fifth business day following September 1, 2003, was September 8, 2003. The department received Mr. Holloway's written request on November 12, 2003, over two months after the date the regulation required it to be received. Substantial evidence supported the Board's determination that Mr. Holloway's request was untimely. Pursuant to Chapter 44, § 22(e), his request did not qualify for consideration of a license refund.

[¶ 16] In his brief to this Court, Mr. Holloway asserts he had no notice of the time limitation for making the request. He contends there were two sets of rules, one made public and one kept internally. He makes a

perfunctory claim that this constitutes fraud and misrepresentation. He makes this claim for the first time on appeal, without citation to authority or presentation of cogent argument. Therefore, we decline to address his assertion.

[¶ 17] Mr. Holloway also makes the argument that what happened was simply unfair. He asserts that he waited years to get a bighorn sheep license, finally got one in a year that his efforts to hunt were thwarted and it will likely be many more years before he will have earned sufficient preference points to receive another license. He argues that he paid good money for the license and did not get the benefit of his bargain. He asserts there ought to be some provision for a rain check or a special thirty day pass under circumstances like his. Again, he cites no authority and presents no cogent argument in support of these assertions.

[¶ 18] We are not unsympathetic to Mr. Holloway's claim. The record suggests he researched the area prior to the fire and, on the basis of what he learned, planned to hunt in the area that later was closed due to the fire. His efforts to hunt in another part of area 23 apparently were thwarted by weather. However, there is evidence in the record suggesting that even before the fire, after hearing the bighorn sheep population was down in the area, Mr. Holloway considered returning his license and requesting a refund. It is also undisputed that Mr. Holloway knew about the fire and its location almost immediately after it started in early August, nearly a month before opening day of the season. His claim that he was not aware of the time requirements contained in Chapter 44 § 22(e) is undermined by the fact that he cited the provision in his initial letter to the Board, basing his argument that he was entitled to reinstatement of his preference points on the very provision he now contends was not available to him. The provision required Mr. Holloway's request for a refund to be received by the department by September 8. Mr. Holloway had several opportunities to request a refund prior to that

sworn statement that the licensee did not exercise any hunting privileges granted by the license. The current regulation allows for refunds in the case of natural disasters only where 100%

of the hunting opportunity or access is closed to the public. Section 22(e) provides that there is no right of appeal to the Commission from decisions by the department under Section 22.

date and chose not to do so. The Commission's determination was supported by substantial evidence and we find no basis for reversal.

[¶ 19] Affirmed.